IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


WILLIAM DALE CARTER,

        Petitioner,

vs.                                  Case No. 12–cv–0115–DRH–SCW

DONALD GAETZ,

        Respondent.


## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    This § 2254 habeas case comes before the Court on respondent's motion to dismiss. The motion ripened on November 15, 2012, with petitioner's response. (Doc. 26). For the following reasons, the Court grants the motion (Doc. 24).

### BACKGROUND & PROCEDURAL HISTORY

    In 2002, *pro se* petitioner William Dale Carter was convicted of home invasion in the Circuit Court of Adams County, Illinois. (Case No. 01-CF-458). He was sentenced to a twenty-year prison term. This habeas case, which Carter brings pursuant to 28 U.S.C. § 2254, is premised on two claims: (1) that his mandatory supervised release term from that conviction is invalid, and (2) that the Illinois Department of Corrections (IDOC) has improperly (and in spite of the jury in Case No. 01-CF-458 finding Carter not guilty of aggravated criminal sexual

assault) designated him a sex offender. Carter filed the petition in this case in February 2012.

Almost seven months prior, Carter had filed a habeas petition in the Central District of Illinois. (*See Carter v. Gaetz*, No. 11–cv–03173-RM). That petition, like this one, relates to Carter's conviction and sentence in Adams County Case No. 01-CF-458.

The instant motion targets Carter's petition with two arguments. First, respondent posits that, because Carter's challenge of his mandatory supervised release is a second or successive habeas petition, this Court has no jurisdiction over it. Secondly, respondent argues that (insofar as it challenges the IDOC's designation as a sex offender) Carter's petition should be dismissed because he has not exhausted administrative and state court remedies. The arguments will be taken in turn.

### 1. Second Successive Petition

Whether proceeding under 28 U.S.C. § 2254 or § 2255, a habeas petitioner must get permission from the Court of Appeals before filing second or successive petition in the district courts. 28 U.S.C. § 2244(b); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). *See also White v. U.S.*, 371 F.3d 900, 903 (7th Cir. 2004) ("Congress made parallel changes to §§ 2254 and 2255 to ensure that successive litigation would take place only under the most compelling of circumstances."); *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996) ("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize

the commencement of a second or successive petition."). While not all subsequent motions are "second or successive" within the meaning of the statutes (for example, when they allege errors made in a resentencing that only came about because the Petitioner prevailed on an earlier habeas petition), they are second or successive when they challenge the underlying conviction. *See Dahler v. U.S.*, 259 F.3d 763 (7th Cir. 2001).

Respondent points out—and petitioner does not dispute—that the June 2011 habeas petition filed in the Central District of Illinois concerns the same trial court judgment at issue here. A thorough check of the Central District's case filing records indicates that, indeed, Carter's June 2011 habeas petition concerns the same state criminal case as does this one: No. 01-CF-458, Circuit Court of Adams County, Illinois. (*See* C.D. Ill. Case No. 11–cv–03173–RM, Doc. 1; *Id.*, ECF entry dated Aug. 15, 2011). An attack on his mandatory supervised release term is an attack on his sentence, since Illinois law requires a mandatory supervised release term be added at sentencing. *See* 735 ILCS 5/5-8-1(d). Carter may not challenge one aspect of his conviction in the Central District and another in this Court. His challenge to his mandatory supervised release fits the plain language of a "second or successive" petition, and he does not dispute respondent's assertion that he has not obtained permission from the Court of Appeals to bring this case. His challenge to his mandatory supervised release shall be dismissed. *See Walker v. Roth*, 133 F.3d 454, 455 n.1 (7th Cir. 1997)

(dismissal as successive is proper where prisoner seeks to challenge aspects of a previously-challenged conviction).

Insofar as this case is based on Mr. Carter's challenge to the mandatory supervised release from his 2002 Adams County criminal conviction, his petition must therefore be DISMISSED for lack of subject matter jurisdiction. *See Suggs v. U.S.*, --- F.3d ----, 2013 WL 173969, at *2 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition.").

### 2. Failure to Exhaust

The second claim in Carter's habeas petition is that, as the result of a "secret trial," the IDOC improperly designated him as a sex offender. Because he has not exhausted his available state court remedies pertaining to that assertion, his case is subject to dismissal here.

Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

> law of the State to raise, by any available procedure, the question presented.

To exhaust his remedies, a state prisoner must therefore present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").[1] A prisoner need not pursue all separate state remedies that are available to him but must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001).

In Illinois, a prisoner wishing to contest an IDOC sex offender classification must proceed through two levels of administrative review—a written grievance with his grievance officer or parole supervisor, then an appeal to the IDOC Director—before he can bring his claims to state court. *See* 20 Ill. Adm.Code §§ 504.810(a)–(b); 504.920(a); 504.850; 504.940. Once administrative remedies are exhausted, he must exhaust available state court remedies. In Illinois, state courts compel public officials to comply with statutory or constitutional duties via mandamus actions. *Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984). If dissatisfied in the circuit courts, the inmate must invoke one complete round of

---

[1] It should be noted that Mr. Carter is well aware of § 2254's exhaustion requirement. In this judicial district, Carter has had two earlier habeas petitions dismissed for failure to exhaust. *See Carter v. Walker*, 08–cv–575—MJR (filed Aug. 11, 2008); *Carter v. Shawnee Prison*, 11–cv–335–DRH (filed Apr. 21, 2011).

appellate review, including seeking discretionary review before the Illinois Supreme Court. *McAtee*, 250 F.3d at 508–09.

Here, it is undisputed that Carter has not begun (much less finished) presenting his claim about his sex offender status for state administrative and court review. The closest Carter came to exhausting his state administrative and court remedies appears to be a series of letters and emails he claims to have sent to state officials in protest of his classification as a sex offender. (Doc. 26, 7). That is not enough for his petition to avoid dismissal here. Carter has not presented his complaint to a grievance or parole officer, much less the Illinois Appellate Court or Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (the exhaustion requirement helps avoid the "unseemliness of a federal district court" interfering with state decisions "without the state courts having had an opportunity to correct the constitutional violation in the first instance.") (internal citations and quotation marks omitted).

Insofar as it is premised a challenge to the IDOC's designation of Mr. Carter as a sex offender, the instant motion (Doc. 24) is **GRANTED.**

## Conclusion

For the foregoing reasons, the Court **GRANTS r**espondent's motion to dismiss (Doc. 24). The Court **DISMISSES** for lack of subject matter jurisdiction petitioner's claim that his mandatory supervised release from his 2002 conviction is invalid, and **DISMISSES** without prejudice to re-filing (once his state court remedies are exhausted) his claim that the IDOC has wrongfully categorized him

as a sex offender. All claims having been **DISMISSED**, the Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATE: February 14, 2013**

Digitally signed by David R. Herndon
Date: 2013.02.14 16:25:12 -06'00'

**Chief Judge**
**United States District Court**